McKinney, J.,
delivered tbe opinion of tbe Court.
On tbe 15th of June, 1849, tbe complainant was induced to execute to tbe defendant, wbo is bis son-in-law, a deed of conveyance, in fee simple, for a tract of land of 192 acres, situate in Blount county.
This bill is brought to bave tbe conveyance can-celled, and to be reinstated in bis title and possession of said tract of land. And it is attempted to repel tbe complainant on tbe ground, that tbe execution of tbe deed was prompted by a fraudulent purpose on bis part.
For tbe purpose of presenting tbe question arising upon tbe record, it is sufficient to state, that tbe defendant, by false and fraudulent representations, repeatedly and earnestly pressed upon tbe complainant, succeeded in exciting an apprehension in tbe mind of the old man, that by reason of a legal proceeding which bad been set on foot in tbe neighborhood, some sort of liability might, by possibility, ultimately fall upon him. What tbe nature of tbe supposed liability was, or bow the complainant could possibly be implicated in tbe matter, was not stated. Tbe complainant was not a party to tbe proceeding, and for any thing disclosed in tbe record, bad no connexion with it. Tbe whole matter seems to bave been a false and fraudulent device to excite tbe complainant’s fears, with a view to procure tbe conveyance in question.
Tbe defendant protested at all times, prior to tbe *585 execution of tbe deed, that be bad no motive or purpose, in urging tbe complainant to convey tbe land to him, except to bold tbe land for tbe former, until the supposed difficulty should have passed by. Tbe complainant is illiterate, and cannot read or write, and tbe proof shows that tbe deed was not read to him. It is admitted, that although tbe consideration of $1000 00 is falsely recited in tbe deed, no consideration whatever was paid or promised. And tbe sole inducement to tbe conveyance, was tbe fear of pecuniary liability, falsely excited by the defendant.
Tbe Chancellor decreed for tbe complainant, and we think properly.
This is not a case for tbe application of tbe cogent principle of Courts of Equity, that a party will not be heard to allege bis own turpitude, or to found a claim to tbe intervention of tbe Court in bis behalf, upon a fraud, or other illegal or prohibited act, in which be may have been a participator.
Tbe complainant bad no creditors, or at least none whose rights could have been prejudiced by tbe conveyance; nor is it shown that be bad done any act, by reason of which be bad subjected himself to a recovery in damages, in favor of any one. It is clear, therefore, that fraud, in tbe legal sense, either actual or constructive; in fact, or intent, cannot be imputed to him, or predicated of the transaction, so far as be is concerned; on tbe contrary, it can be affirmed — upon tbe facts stated — as a conclusion of law, that there existed no fraud on tbe part of tbe complainant. It is certainly true, that tbe complainant evinced great folly? *586 weakness, and misplaced confidence; but for this he is not to be denied relief.
We are not inclined to weaken the force of the salutary maxim in question, but care must be taken that it be not misapplied, so as to hold out encouragement to the unprincipled, by the acts of falsehood and fraud, to entrap the unwary in their toils; upon the deliberate calculation that equity will not interpose to extricate or relieve their deluded victims.
Instances, apparently growing out of this perversion of the doctrine, are becoming too common, and must not be favored.
The decree will be affirmed.